CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 29 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDRE SYLVESTER WATTS, ) | |
| Petitioner, ) | Civil Action No. 7:06CV00392 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| WARDEN O'BRIEN, et al., ) | By: Hon. Glen E. Conrad |
| Respondents. ) | United States District Judge |

The petitioner, Andre Sylvester Watts, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Watts alleges that prison officials have improperly refused to give him grievance forms. Based on the nature of Watts's allegations, this action is more appropriately construed as one under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] For the reasons that follow, the court concludes that Watts has failed to state a claim upon which relief may be granted. Accordingly, the court will dismiss the action pursuant to 28 U.S.C. § 1915A(b)(1).[2]

## Background

Watts is presently incarcerated at United States Penitentiary - Lee in Jonesville, Virginia. He executed the instant petition on June 25, 2006. Watts alleges that he was denied grievance forms on several occasions in May and June of this year.

---

[1] Watts does not allege that the denial of grievance forms will in any way affect the duration of his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (holding that challenges to the validity or duration of confinement are properly raised in a habeas petition); Muhammad v. Close, 540 U.S. 749, 754-755 (2004) (holding that the plaintiff's allegations regarding an improper disciplinary conviction failed to raise a cognizable claim for habeas relief, where the disciplinary conviction did not actually affect the duration of the plaintiff's sentence). While the United States Supreme Court has suggested that habeas relief may be available to challenge conditions of confinement when the conditions are so onerous as to render an inmate's custody illegal, Preiser, 411 U.S. at 499, such conditions are not alleged in this case. Thus, even if Watts's claims were analyzed under § 2241, they would still be subject to dismissal.

[2] Section 1915A(b)(1) provides that the court shall dismiss a civil action filed by an inmate as soon as practicable if the complaint fails to state a claim upon which relief may be granted.

Watts submitted several exhibits with his petition. The exhibits demonstrate that on June 4, 2006, Watts requested eighteen grievance forms. When his request was denied, Watts submitted an inmate request to Warden O'Brien. The Warden advised Watts that he could only receive one form at a time.

## **Discussion**

To the extent Watts alleges that prison officials violated his due process rights by refusing to provide grievance forms, his allegations are without merit. It is well established that "there is no constitutional right to participate in grievance proceedings." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, the federal regulations pertaining to the Bureau of Prisons' grievance procedure do not give rise to a protected liberty interest. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (holding "that the federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure."). Accordingly, Watts has failed to state a due process claim.

To the extent Watts's allegations can be construed to assert an access to courts claim under the First Amendment, such claim is also without merit. It is well established that inmates have a fundamental right to "adequate, effective, and meaningful" access to courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). However, in order to prove that this right has been violated, an inmate must show that he has suffered an actual injury or specific harm to his litigation efforts. Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993). Because Watts has not alleged facts demonstrating any specific harm to his litigation efforts, his access to courts claim must be dismissed.

For the reasons stated, the court will dismiss this action for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum

2

opinion and the accompanying order to the petitioner and counsel of record for the respondents.

**ENTER:** This 29th day of June, 2006.

                                                            /s/ Glen Conrad
                                                  United States District Judge